# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

ALLEN HORTON II,

    Plaintiff,

v.

WILLIAM GITTERE, *et. al.,*

    Defendants.

Case No. 3:21-cv-00280-CLB

**ORDER GRANTING IN PART MOTION TO STAY CASE AND GRANTING MOTION FOR LEAVE TO FILE DOCUMENT**

[ECF Nos. 56, 57]

    Before the Court is Defendant's motion for leave to file supplemental exhibits to Defendant's motion for summary judgment. (ECF No. 56.) The exhibits consist of declarations authenticating exhibits already filed in support of Defendant's motion for summary judgment. Defendant asserts that the authenticating declarations were unavailable at the time the motion for summary judgment was filed. Good cause appearing, the motion, (ECF No. 56), is **GRANTED**.

    Also pending before the Court is Plaintiff Allen Horton's ("Horton") motion to stay case for 180 days. (ECF No. 57.) According to Horton's motion, he has been unable to review his medical records in order to respond to the motion for summary judgment. Thus, he moves for additional time to take discovery pursuant to Fed. R. Civ. P. 56(d). (*Id.*) For the reasons discussed below, the motion, (ECF No. 57), is **GRANTED IN PART**.

    The Court considers several articulated factors when deciding whether to stay a case: "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed" including the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

    The Court has considered these factors and finds, in the exercise of its sound

discretion, that while a stay is not appropriate in this case, the Court will allow Horton an additional 45 days to file his response to the motion for summary judgment. Accordingly, within the next 21 days, the NDOC is ordered to arrange for Horton to review his medical records in a Warden's office for a period of no less than 4 hours. If Horton is not afforded the opportunity to review his medical records within 21 days, Horton shall file a notice with the Court advising that his review was not provided.

For good cause appearing, **IT IS ORDERED** that Defendant's motion for leave to file supplemental exhibits, (ECF No. 56), is **GRANTED.**

**IT IS FURTHER ORDERED** that Horton's motion to stay case, (ECF No. 57), is **GRANTED, IN PART**.

**IT IS FURTHER ORDERED** that Horton shall have an additional 45 days to file a response to the motion for summary judgment.

**IT IS FURTHER ORDERED** that within the next 21 days, NDOC shall arrange for Horton to review his medical records in a Warden's office for a period of 4 hours.

**IT IS SO ORDERED.**

**DATED**: September 13, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**